UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-153 (JWB/DJF)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **UNITED STATES' POSITION WITH RESPECT TO SENTENCING** |
| v. | |
| MICHAEL PAUL LEWIS, | |
| Defendant. | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and LeeAnn K. Bell, Assistant United States Attorney, submits its position with respect to the sentencing of Defendant Michael Paul Lewis.

## I. THE PRESENTENCE INVESTIGATION.

The United States has reviewed the Presentence Investigation Report ("PSR") prepared by the U.S. Probation Office. The United States has no objections to the factual statements or to the Guidelines calculations as contained in the PSR. Thus, the United States agrees that the applicable Guidelines range is 10 to 16 months' imprisonment, a range that is in Zone C of the Sentencing Table which provides that half of the sentence may be substituted with home detention or community confinement.

## II. THE APPROPRIATE SENTENCE.

Taking all of the relevant sentencing factors into account, the United States believes that the appropriate sentence is 5 months' imprisonment, and 5 months in home detention followed by 2 years of supervised release.

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth the appropriate sentencing methodology: the district court calculates the advisory Guidelines range and, after hearing from the parties, considers the 18 U.S.C. § 3553(a) factors to determine an appropriate sentence. 552 U.S. at 49-50; *United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors").

The district court may not assume that the Guidelines range is reasonable, but instead "must make an individualized assessment based on the facts presented." *Id*. at 50. If the court determines that a sentence outside of the Guidelines is called for, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* Section 3553(a) requires the Court to analyze a number of factors, including, "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

It is integral to our democracy that individuals are allowed to freely and fully criticize their government. However, when that criticism turns to threats, it is unacceptable. Most obviously, it is unacceptable because of the direct harm, the fear and

the anxiety it creates for the victims. But perhaps less obviously, it is unacceptable because of the harms beyond those to this particular victim.

The harms reach far beyond this single case. When even one person threatens our public officials, it normalizes that behavior, it delegitimizes the lawful and necessary criticisms made by others, it decreases that likelihood that our elected officials will engage with the tough questions facing our country for fear of harm, and ultimately it contributes to a culture where threats escalate to violence. Thus, behavior will never be taken lightly.

Here, Mr. Lewis threatened violence, spewing hateful language and threatening to kill a sitting member of Congress. While it was ultimately determined that Mr. Lewis was not actually planning to travel to Washington D.C. to carry out his threat, the harm was already done. This conduct was incredibly serious and should be treated accordingly.

Mr. Lewis has no criminal history points and no history of engaging in threatening behavior. By his own admission, he made the threatening call while intoxicated and he knew this was wrong and regretted making the call afterwards. It seems clear, that Mr. Lewis' addiction to alcohol was a primary contributing factor in engaging in this abhorrent behavior. Notably, Mr. Lewis has complied with all conditions of his pretrial release, including maintaining his sobriety. He has demonstrated self-awareness of the harm he caused, recognizing that his conduct played a part in furthering the current climate of political violence.

Ultimately, the United States requests a Guideline sentence of 5 months' imprisonment, and 5 months in home detention followed by 2 years of supervised release. If Defendant maintains his sobriety, it seems unlikely he will ever do anything like this

again. However, in order to make sure that he is fully enmeshed in a sober lifestyle, the United States is requesting 2 years of supervised release.

Dated: December 23, 2025                    Respectfully Submitted,

                                            DANIEL N. ROSEN
                                            United States Attorney

                                            *s/LeeAnn Bell*
                                            BY: LEEANN K. BELL
                                            Assistant U.S. Attorney
                                            Atty. Reg. No. 0318334

4